UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC EARNEST, JR.,

    Plaintiff,

v.

COUNTY OF GENESEE and
DANIEL MILLER,

    Defendants.
    _____/

Case No. 2:18-cv-10729

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [31]**

On March 2, 2018, Plaintiff Eric Earnest, Jr., filed the present civil rights action under 42 U.S.C. § 1983 and raised an excessive force claim against Defendant Deputy Daniel Miller ("Deputy Miller") as well as a *Monell* claim against Defendant County of Genesee ("County"). ECF 1. On March 1, 2019, Defendants filed a motion for summary judgment. ECF 31. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the Court will grant the motion.

**BACKGROUND**

Plaintiff's claims arise from an arrest that occurred in the City of Flint. ECF 1, PgID 3. Plaintiff alleged that in the early morning hours of February 29, 2016, he was driving home when his car stalled. *Id.* He was unable to contact friends for help or restart his car, so he maneuvered his car to the side of the road and fell asleep in the driver's seat. ECF 37, PgID 278. The next thing that Plaintiff remembered was

1

waking up and "being poked while strapped to a cot in an ambulance." *Id.* at 278–79; ECF 31-1, PgID 188–90 (transcript of Plaintiff's deposition). He has no recollection of the events surrounding what happened when Deputy Miller and the EMTs arrived on the scene or of the related arrest. ECF 31-1, PgID 189–90.

Deputy Miller and the EMTs do remember what happened that night, and their testimony plus body camera footage, ECF 31-6, show the events that transpired. On the night in question, Deputy Miller was patrolling the area in uniform and in a marked sheriff's vehicle when he received a dispatch message from the 911 call center regarding an accident. ECF 31-2, PgID 198. When Deputy Miller arrived at the scene, he saw Plaintiff's vehicle partly up on the curb and resting against the "support wire for a telephone pole." *Id.* at 201. He approached the vehicle and assessed that Plaintiff was intoxicated and passed out in the front seat. *Id.* at 204–05. After he attempted to wake Plaintiff, Deputy Miller called for emergency medical response. *Id.* at 207. An ambulance and two uniformed EMTs arrived on the scene, also assessed that Plaintiff was intoxicated, and attempted to wake him. ECF 31-4, PgID 225; ECF 31-5, PgID 233.

When attempts to awaken Plaintiff were unsuccessful, one of the EMTs, Mr. Rose, tried to remove Plaintiff from his car. ECF 31-2, PgID 208. At that point, Plaintiff awoke, lunged at Mr. Rose, and "took a swing" at him. *Id.* at 208–10; ECF 31-5, PgID 231–32; ECF 31-7, PgID 239. Deputy Miller stepped in and attempted to subdue Plaintiff. ECF 31-2, PgID 211–12. Plaintiff actively resisted Deputy Miller and fought back against Deputy Miller's attempts to arrest him. *Id.* at 212; ECF 31-

2

4, PgID 225; ECF 31-5, PgID 232; ECF 31-6 (video). Deputy Miller continually instructed Plaintiff to stop resisting, lay on the ground, and put his arms behind his back. ECF 31-6. But Plaintiff continued to resist. *Id.* Finally, Deputy Miller, with the assistance of Mr. Rose, subdued Plaintiff by forcing him to the ground and delivering several "empty-hand strikes" to Plaintiff's upper back and shoulder. *Id.*; ECF 31-2, PgID 211; ECF 31-3, PgID 219.

Once Plaintiff was subdued and strapped to a gurney, he was transported to the hospital where he was treated for face contusions and had other scrapes and bruises on his body. ECF 31-3, PgID 219; ECF 31-8, PgID 241; ECF 37, PgID 279.

**LEGAL STANDARD**

Summary judgment is proper if there is "no genuine dispute as to any material fact" and a party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material for purposes of summary judgment if its resolution would establish or refute an "essential element[] of a cause of action or defense asserted by the parties[.]" *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citing *Black's Law Dictionary* 881 (6th ed. 1979)).

The Court views the facts and "draw[s] all reasonable inferences in the light most favorable to the nonmoving party." *Stiles ex rel. D.S. v. Grainger Cty., Tenn.*, 819 F.3d 834, 848 (6th Cir. 2016) (citation omitted). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). And although the Court

3

may not make credibility judgments or weigh the evidence, *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015), a mere "scintilla" of evidence is insufficient to survive summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff," *Anderson*, 477 U.S. at 252.

## DISCUSSION

I. <u>Fourth Amendment Claim</u>

Deputy Miller argued that he is entitled to qualified immunity on Plaintiff's Fourth Amendment excessive force claim. ECF 31, PgID 164. "Plaintiff bears the burden of showing that [Defendant is] not entitled to qualified immunity." *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009). To defeat qualified immunity, Plaintiff must establish (1) that "a constitutional right was violated" and (2) "that the right was clearly established." *Id.* The Court need only address the first prong here. *See Hayden v. Green*, 640 F.3d 150, 153 (6th Cir. 2011).

Plaintiff alleged that Deputy Miller violated his Fourth Amendment right to be free from the use of excessive force on arrest. ECF 1, PgID 4–5. To establish a Fourth Amendment violation involving the use of excessive force on arrest, Plaintiff must show that the force used during the alleged seizure was unreasonable. *See* U.S. Const. Amend. IV. The "reasonableness" of the use of force is determined based on "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citation omitted). The Court looks at the following factors in evaluating whether an officer's use of force was reasonable rather than excessive: "the severity of the crime at issue, whether the

4

suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Smoak v. Hall*, 460 F.3d 768, 783 (6th Cir. 2006) (citation omitted). "This standard contains a built-in measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case." *Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002).

Here, Deputy Miller initially approached Plaintiff's vehicle to assess the scene of a reported accident. When he saw that Plaintiff was blacked out drunk in the car and that Plaintiff could not be roused awake, Deputy Miller called for an ambulance. Deputy Miller and the EMT's initial contact with Plaintiff was an effort to provide him medical attention and was reasonable.

Once Plaintiff woke up, his actions warranted some use of force to control him. And based on the *Smoak* factors, Deputy Miller's use of force was reasonable. *See Smoak*, 460 F.3d at 783. Plaintiff's conduct indicated that he posed an immediate threat to the safety of Deputy Miller and the EMTs on the scene. Plaintiff smelled of alcohol and was parked in a high-crime area of Flint. He was aggressive towards them, all of whom were in uniform, and he took a swing at Mr. Rose. Plaintiff continually failed to comply with Deputy Miller's orders and resisted attempts to subdue and arrest him. As evidenced by the video, both Deputy Miller and Mr. Rose struggled to keep Plaintiff under control. *See* ECF 31-6. Finally, Deputy Miller did not escalate the force beyond what was necessary to restrain Plaintiff. *See Hayden*, 640 F.3d at 153.

5

Deputy Miller's testimony of the events that transpired is corroborated by the testimony of both EMTs present at the scene and the body camera footage. Plaintiff provided no evidence to contradict the testimony or video footage. And his own testimony of the events that occurred does not raise any issues of material fact because he has no recollection of what happened. *See* ECF 31-1, PgID 189–90. Rather, Plaintiff merely provided the documentation of his resulting injuries and argued that his injuries were so severe that evidence of them cast doubt on Deputy Miller's testimony. ECF 37, PgID 284–88. But the extent of Plaintiff's injuries is not relevant to the excessive force analysis. *See Hagans v. Franklin Cty. Sheriff's Office*, 695 F.3d 505, 511 (6th Cir. 2012) ("In determining whether there has been a violation of the Fourth Amendment, we consider not the extent of the injury inflicted but whether an officer subjects a detainee to gratuitous violence.") (citing *Miller v. Sanilac Cty.*, 606 F.3d 240, 252 (6th Cir. 2010)). Plaintiff has failed to raise any genuine dispute of material fact relating to the reasonableness of the force Deputy Miller used during the alleged incident. Deputy Miller is entitled to qualified immunity on Plaintiff's excessive force claim.

II. *Monell* Claim

Plaintiff next claimed that the County maintained an unconstitutional policy or custom of failing to adequately train, supervise, or discipline its employees relating to excessive force. ECF 1, PgID 5–6. But the County cannot be liable under *Monell* absent an underlying constitutional violation. *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citation omitted). Here, as described above, Plaintiff failed to

establish his underlying Fourth Amendment claim. Because there was no underlying Fourth Amendment violation, Plaintiff's *Monell* claim against the County likewise fails.

And because Plaintiff's *Monell* claim fails, his claim against Deputy Miller in his official capacity also fails. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). Plaintiff failed to raise a genuine dispute of material fact as to any of his claims and the Court will grant Defendants' motion for summary judgment.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion for summary judgment [31] is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 18, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 18, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager